UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIZHPI AUCAPINA XAVIER, | No. 1:26-cv-02979-KES-CDB (HC) |
| Petitioner, | A No. 209-324-750 |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN 10 DAYS |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | |
| Respondents. | Doc. 1 |

Petitioner Quizhpi Aucapina Xavier is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 3.  The Court has previously addressed the legal issues raised by ground one of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 6.  Respondents state, "there are no significant factual or legal issues in this case that materially distinguish it from the cases

1

identified in the Order." Doc. 8 at 1. Respondents state that an "encounter with law enforcement … led to Petitioner's detention," but they do not argue that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c). *Id.* at 2-3. While respondents oppose the petition, they do not raise any new arguments. *See id.*

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to ground one, for the reasons addressed in those prior orders.[1]

Respondents are ORDERED to provide petitioner Quizhpi Aucapina Xavier (A-Number: 209-324-750) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

Respondents are ORDERED to provide petitioner with a copy of this Order.

The Clerk of Court is directed to terminate pending motions (Docs. 2, 3) as moot, close this case, and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   May 14, 2026

UNITED STATES DISTRICT JUDGE

---

[1] As petitioner is entitled to relief on ground one, the Court does not address the remaining ground in the petition.

2